958 F.2d 381
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re CFS NORTHWEST MINERALS, LTD., Debtor,
v.
Brent B. BIRKIN; Clayton Ching; Don L. Christensen;
Stuart E. Langdoc; Ralph J. Litton; Rodolfo W. Mortensen;
Richard E. Nelson; Merrill C. Oaks; Kyoo Sang Ro; Walter
C. Roberts; Andrew J. Welch; Alan D. Sachey; H. Lindsay
Ashton; Barney Newell; Robert W. Miley; Kin C. Wong;
Reid Carlson; Rod Romboy; John Rush, Appellants,
v.
Andres Diaz; Jeffrey L. Shields; Russell C. Kearl, Appellees.
 No. 90-4196.
 United States Court of Appeals, Tenth Circuit.
 March 24, 1992.
 
 Before SEYMOUR and BARRETT, Circuit Judges, and BROWN, District Judge.*
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 Birken Investors (Birken) appeal from an order of the district court affirming two orders of the bankruptcy court approving the appointment of special counsel and granting payment of attorney fees. The relevant facts may be briefly summarized.
 
 
 2
 On December 12, 1988, Zions First National Bank (Zions), as Indenture Trustee, filed a motion for the appointment of a trustee in the bankruptcy case of CFS Northwest Minerals, Ltd. (Debtor). Bruce Wisan was appointed trustee on March 28, 1989. Thereafter, Kimball Mosier was appointed as Wisan's general counsel pursuant to 11 U.S.C. § 327(a).[1] Wisan subsequently filed an application pursuant to 11 U.S.C. 327(e)[2] for the employment of the law firm of Callister, Duncan & Nebeker (CD & N) as his special counsel.
 
 Wisan's application asserted in part:
 
 3
 6. The professional services CD & N has rendered and shall render on behalf of the Trustee includes any and all litigation including but not limited to actions against limited partners, acting agents and general partners of the Debtor and the lessor of certain property....
 
 
 4
 7. The Trustee does not have sufficient knowledge or expertise to represent himself in litigation....
 
 
 5
 8. It is in the best interest of the estate that CD & N be appointed as special legal counsel including, but not limited to the following reasons:
 
 
 6
 a. Zions represents approximately 35 noteholders who are also the primary creditors in this case....
 
 
 7
 b. CD & N is familiar with the documents, history and relationship among the parties in this case, which could save the Trustee many hours in preparation time.
 
 
 8
 c. CD & N has served as counsel to Zions, as Indenture Trustee, in other lawsuits against limited partners of partnerships sponsored by CFS Financial Corp.
 
 
 9
 9. CD & N has previously represented and continues to represent Zions, as Indenture Trustee for the noteholders of the Debtor. In addition, CD & N continues to represent Zions in its capacity as Indenture Trustee in other partnerships. Zions has and will continue litigating actions against limited partners or investors that may be defendants in actions brought by the Trustee in this case. Zions, however, has consented to CD & N's representation of the Trustee in this bankruptcy case.
 
 
 10
 10. The Trustee also consents to the dual representation of CD & N in this case.
 
 
 11
 (Appendix, Vol. I, Exhibit 2, pp. 2-4). CD & N was subsequently appointed special counsel for Wisan. As special counsel for Wisan, CD & N assisted in litigation, particularly against limited partners, including Birken, which owed outstanding capital contributions to Debtor.
 
 
 12
 Thereafter, CD & N filed an application for the allowance and payment of attorney fees. Birken filed an "[o]bjection to application for allowance and payment of attorneys' fees and objection to further appearances of special counsel," alleging that CD & N was not disinterested under § 327(a) and that CD & N had an actual conflict of interest under § 327(c). Further, Birken filed a motion to disqualify CD & N as special counsel.
 
 
 13
 A hearing was held in the bankruptcy court on Birken's objections, its motion to disqualify CD & N as special counsel and CD & N's application for attorney fees. During the hearing, Birken acknowledged that, with the exception of a stipulation whereby Zions agreed to lend Wisan up to $40,000 in the event that he needed the money for administration, Zions was not a creditor of Debtor but was only a potential creditor as an Indenture Trustee. (Appellees' Supplemental Index, Tab B, p. 14).
 
 
 14
 In denying Birken's objections and its motion to disqualify CD & N as special counsel, the bankruptcy court observed:
 
 
 15
 But it appears to me in this case that those moving to disqualify may well have misunderstood the relationship between general counsel for a Trustee and special counsel and the impact of Section 327 of the Bankruptcy Code, specifically Subsection (e), which talks about the employment of special counsel for a special purpose so long as that special counsel does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which such attorney is employed.
 
 
 16
 Whether any of us like it or not, the Code specifically authorizes special counsel that may have a conflict if that counsel were to be appointed general counsel but where there isn't a conflict with respect to the matter on which the attorney is employed as authorized.
 
 
 17
 * * *
 
 
 18
 * * *
 
 
 19
 There isn't a shred of evidence to show that there is a conflict as to the matter on which Mr. Diaz and his firm is employed.
 
 
 20
 (Appellees' Supplemental Appendix, Tab B, pp. 53-55).
 
 
 21
 The court approved CD & N's application for attorney fees after finding that the application was "both reasonable and necessary." Id. at p. 55.
 
 
 22
 On appeal to the district court, Birken argued that "no one is questioning the competency of [CD & N] to ... pursue the litigation" but rather, that the "question here is whether they can do it within the standards of section 327(e)." (Appellees Supplemental Appendix, Tab C, p. 24). The district court affirmed the orders of the bankruptcy court after finding that no interest adverse to the Debtor appeared from CD & N's simultaneous representation of Wisan and of Zions as Indenture Trustee.
 
 
 23
 On this appeal, Birken contends that CD & N must be disqualified from representing the trustee as special counsel and that CD & N is not entitled to compensation. We are bound by the factual findings of the bankruptcy court unless they are clearly erroneous. In Re Rasmussen, 888 F.2d 703, 704 (10th Cir.1989). We review the legal conclusions of the bankruptcy court and district court de novo. Id.
 
 
 24
 We hold that CD & N's simultaneous representation of Wisan and of Zion's as Indenture Trustee did not create an actual conflict of interest and that the bankruptcy court and the district court did not err in finding that CD & N's appointment was not in violation of § 327.
 
 
 25
 We also reject Birken's argument that CD & N is not eligible for compensation because of its conflicts of interest, numerous double billings, non-particularized items, and requests for payment of many hours devoted to the self-interest of the law firm.
 
 
 26
 The bankruptcy court has broad discretion in awarding fees and costs. In Re Roberts, 75 B.R. 402, 412 (D.Utah 1987). Birken has failed to establish that the attorney fees awarded herein constituted an abuse of discretion. Accordingly, the award of attorney fees to CD & N as special counsel is affirmed.
 
 
 27
 We AFFIRM.
 
 
 
 *
 The Honorable Wesley E. Brown, Senior Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 § 327(a) provides:
 Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
 
 
 [2]
 § 327(e) provides:
 The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.